United States District Court
Southern District of Texas
**ENTERED**
August 26, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Jorge Luis Ruiz Almera, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-4963 |
| | § | |
| U.S. Immigration and Customs Enforcement, *et al.*, | § | |
| | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Before the Court is Petitioner Jorge Luis Ruiz Almera's petition for a writ of *habeas corpus* under § 2241. Doc. 1. For the reasons set forth below, the Petition is summarily DISMISSED under Rule 4 of the Rules Governing Section 2254 Cases.[1]

## I. BACKGROUND

On February 14, 2024, an immigration judge ordered Petitioner removed in absentia.[2] Docs. 1 at 6, 2 at 4, 8 at 3. Petitioner alleges that on or about June 5, 2026, he

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

[2] Section 240 of the Immigration and Nationality Act provides that aliens shall be ordered removed in absentia under the following circumstances:

> Any alien who, after written notice required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2)). The written notice by the Attorney General shall be

was detained by the Department of Homeland Security and remains in the custody of Respondent, Warden of the Houston Contract Detention Facility in Houston, Texas. Doc. 3 at 2. On June 9, 2026, Petitioner filed a motion to reopen his removal proceedings, which was denied on June 17, 2026. Doc. 1 at 2.

The Court liberally construes[3] the Petition to assert two claims—*first*, Petitioner did not receive proper and timely notice of the hearing that resulted in his removal order in absentia, thus depriving him of his due process rights to notice and an opportunity to be heard; *second*, Petitioner's present post-removal-order detention is unconstitutional under the Fifth Amendment's Due Process Clause as interpreted in *Zadvydas v. Davis*, 533 U.S. 678 (2001). *See* Doc. 1 at 6–7; Doc. 2. Petitioner also requests an injunction preventing his removal during these habeas proceedings on the grounds that Petitioner believes he will suffer persecution, violence, and retaliation if he is removed to his country of origin. *See* Doc. 1 at 7; Doc. 2.

## II. ANALYSIS

Petitioner's due process challenge to the proceedings underlying his order of removal must be dismissed for lack of jurisdiction. Under the REAL ID Act, federal district

---

> considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229(a)(1)(F) of this title.

8 U.S.C. § 1229a(b)(5)(A).

[3] The filings of *pro se* litigants must be liberally construed. *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Although counsel has now appeared to represent Petitioner, *see* Doc. 15, the Court nevertheless liberally construes the Petition because it was filed while Petitioner was proceeding *pro se*.

courts are divested of jurisdiction over Section 2241 petitions attacking removal orders. *Rosales v. Bureau of Immigr. & Customs Enf't*, 426 F.3d 733, 735–36 (5th Cir. 2005). Instead, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal[,]" except for delineated challenges to expedited removal orders issued under 8 U.S.C. § 1225(b)(1). 8 U.S.C. § 1252(a)(5), (e). The REAL ID Act precludes habeas review not only of direct but also of indirect challenges to removal orders, such as due process challenges to the proceedings underlying removal orders. *See, e.g.*, *Benitez-Garay v. Dep't of Homeland Sec.*, No. SA-18-CA-422-XR, 2019 WL 542035, at *6 (W.D. Tex. Feb. 8, 2019) (Rodriguez, J.) (collecting cases).

Here, Petitioner raises a due process challenge to the proceedings underlying his removal order, contending that he did not receive proper and timely notice of the hearing that resulted in his order of removal in absentia and was therefore deprived of a meaningful opportunity to appear and be heard. Doc. 1 at 6. The REAL ID Act bars the Court from considering this claim. *See Rosales*, 426 F.3d at 735–36; 8 U.S.C. § 1252(a)(5); *see also Benitez-Garay*, 2019 WL 542035, at *6. Therefore, the claim must be summarily dismissed without prejudice for lack of jurisdiction.

Petitioner's due process challenge to his present detention must be dismissed as premature. Petitioner is subject to a final order of removal, so the applicable due process standard is articulated in *Zadvydas v. Davis*, 533 U.S. 678 (2001). This Court recently joined several district courts in construing *Zadvydas* as creating a bright-line rule: "Once a removal order becomes administratively final, the government is authorized to detain an

alien for six months to facilitate his deportation." *Qambari v. Mullin*, No. 4:26-cv-2547, slip op. at 7 (S.D. Tex. July 2, 2026). Thus, "during this time period, any constitutional challenge to the alien's detention is premature." *Id.*

Here, Petitioner alleges that he was detained by the Department of Homeland Security on or about June 5, 2026. Doc. 3 at 2. As such, his current period of post-removal-order custody has not yet exceeded six months, and his present due process challenge must be dismissed as premature.

## III. CONCLUSION

For the reasons set forth above, the Petition is summarily DISMISSED under Rule 4 of the Rules Governing Section 2254 Cases. Petitioner's due process challenge to the proceedings underlying his order of removal is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction pursuant to 8 U.S.C. § 1252(a)(5). Petitioner's claim for *habeas* relief from his post-removal-order detention under the Fifth Amendment's Due Process Clause as interpreted in *Zadvydas* is premature and therefore must be DISMISSED WITHOUT PREJUDICE to being re-asserted once Petitioner's current period of detention has exceeded six months. Petitioner's request for an injunction preventing his removal during the pendency of these habeas proceedings is DENIED AS MOOT. In all other respects, the Petition is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 26th of August, 2026.

Nicholas J. Ganjei
United States District Judge